HATT v CHEFF

Docket No. 104721. Submitted March 7, 1989, at Lansing. Decided
    June 19, 1989.
    Lisa Grace Hatt brought an action against Gerard and Frances T.
        Cheff in the Oakland Circuit Court. A mediation hearing was
        held resulting in an evaluation of $45,000 in favor of plaintiff,
        which was accepted by all parties. Plaintiff moved to set aside
        the award, claiming ignorance of the extent of her damages.
        The court granted the motion. Defendants appealed by leave
        granted and the Court of Appeals in an unpublished opinion
        per curiam, Docket No. 81348, decided September 30, 1986,
        remanded for reconsideration. Plaintiff then moved to enter a
        judgment pursuant to the mediation evaluation plus interest,
        which the court did, Gene Schnelz, J. Defendants appealed.
    The Court of Appeals *held:*
    The court erred in granting prejudgment interest on the
    mediation evaluation.
    Reversed and remanded.

INTEREST — PREJUDGMENT INTEREST — MEDIATION EVALUATIONS —
    COURT RULES.
    It is error for a court to award prejudgment interest on a
    judgment entered pursuant to acceptance of a mediation evalu-
    ation.

*Eric J. McCann,* for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon,
Martin & Schoolmaster* (by *Harry A. Meyer, II*),
and *John A. Lydick,* for defendants.

Before: SHEPHERD, P.J., and CYNAR and SAWYER,
JJ.

REFERENCES

Am Jur 2d, Damages §§ 664 *et seq.*
Validity and construction of state statute or rule allowing or
    changing rate of prejudgment interest in tort actions. 40 ALR4th
    147.

CYNAR, J. Defendants appeal as of right from the trial court's October 23, 1987, judgment entered in favor of plaintiff in the amount of $45,000 plus interest from April 3, 1984. Defendants' appeal is limited to the issue of the award of interest. We reverse.

The facts of this case are not in dispute. On December 18, 1982, plaintiff was injured in an accident while she was a passenger in a car driven by defendant Gerard Cheff and owned by defendant Frances Cheff. On June 3, 1983, plaintiff filed a complaint against defendants. On February 16, 1984, the mediation hearing was held and resulted in an award of $45,000 in favor of plaintiff. On March 7, 1984, plaintiff accepted the mediation evaluation which was also accepted by defendants. Plaintiff subsequently changed counsel and, on July 30, 1984, moved to set aside the mediation award, claiming that at the time she accepted the award she was not aware of the extent of her injuries. Defendants moved to enter a judgment on the mediation award. Following a hearing, the trial court granted plaintiff's motion to set aside her acceptance of the mediation award. Defendants were then granted leave to appeal to this Court. In an unpublished, per curiam opinion, Docket No. 81348, decided September 30, 1986, this Court found that the trial court failed to exercise its discretion and remanded this case to the trial court to reconsider its order setting aside plaintiff's mediation acceptance.

On May 28, 1987, plaintiff moved to enter a judgment pursuant to the mediation award plus interest. Following a September 10, 1987, hearing, the trial court granted plaintiff's motion. On October 23, 1987, a judgment was entered awarding plaintiff $45,000 plus interest from April 3, 1984,

the date of the mailing of the notices of acceptance of the mediation award.

On appeal, defendants argue that the trial court erred in awarding statutory prejudgment interest on a judgment entered pursuant to the mutual acceptance of the mediation evaluation. We agree.

MCR 2.403(M)(1), formerly GCR 1963, 316.7(a), provides:

> If all the parties accept the panel's evaluation, judgment will be entered in that amount, which includes all fees, costs, and interest to the date of judgment.

In the instant case, the trial court entered a judgment on the $45,000 mediation evaluation and additionally awarded prejudgment interest from April 3, 1984. We find that the trial court's award of interest was contrary to MCR 2.403(M)(1). The clear language of MCR 2.403(M)(1) provides that, upon acceptance of a mediation evaluation by all of the parties, judgment will be entered in the amount of the evaluation, which includes all fees, costs, and interest to the date of judgment. Therefore, the trial court erred by awarding prejudgment interest from April 3, 1984. Accordingly, we reverse that portion of the October 23, 1987, judgment that provided for prejudgment interest from April 3, 1984.

Reversed and remanded. We do not retain jurisdiction.