MERCER v WINNICK

Docket No. 115903. Submitted May 8, 1990, at Lansing. Decided June 7, 1990.

Dorothy L. Mercer sustained injury while riding as a passenger in an automobile driven by Peter A. Winnick. Mercer brought an action for damages against Winnick in the Ingham Circuit Court where a mediation evaluation in favor of plaintiff was accepted by both parties. The trial court, Carolyn Stell, J., issued a judgment that added an award of prejudgment interest to the mediation panel's award. Defendant appealed.

The Court of Appeals *held:*

MCR 2.403(M)(1) provides that a judgment entered upon unanimous acceptance of a mediation evaluation shall be deemed to dispose of all claims in the action and include all fees, costs and interest to the date of judgment. Accordingly, a trial court may not add an award of prejudgment interest to a judgment entered pursuant to a unanimously accepted mediation evaluation.

Reversed and remanded.

INTEREST — PREJUDGMENT INTEREST — MEDIATION EVALUATIONS — COURT RULES.

A judgment entered upon unanimous acceptance of a mediation evaluation includes all fees, costs and interest to the date of judgment; accordingly, a trial court may not add an award of prejudgment interest to a judgment entered pursuant to a unanimously accepted mediation evaluation (MCR 2.403[M][1]).

*Sinas, Dramis, Brake, Boughton & McIntyre* (by *Timothy J. Donovan*), for plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *John L. Collins* and *Eugene R. Ingrao*), for defendant.

REFERENCES

Am Jur 2d, Interest and Usury § 96.
See the Index to Annotations under Alternative Dispute Resolution; Prejudgment Interest.

Before: Gribbs, P.J., and Hood and T. J. Lesin-
ski,* JJ.

Per Curiam. Defendant appeals as of right from
a November 19, 1986, order of the Ingham Circuit
Court ruling that plaintiff was entitled to twelve
percent interest per year on a $25,000 mediation
evaluation award. Defendant also appeals as of
right the court's February 21, 1989, opinion and
order denying his motion for reconsideration of the
court's order granting plaintiff twelve percent in-
terest. We reverse.

On July 1, 1982, defendant was the driver of a
vehicle involved in an accident with a car occupied
by plaintiff and another individual. Defendant was
insured by Michigan Mutual Insurance Company.
As a result of the accident, plaintiff and the other
occupant filed separate civil suits against defen-
dant seeking damages for injuries they sustained.
Plaintiff's suit was filed on January 25, 1983.

After an assessment of defendant's liability and
the injuries incurred, Michigan Mutual offered to
settle both claims by payment of the full policy
limits of $50,000. Plaintiff and the other claimant
rejected the offer and Michigan Mutual then filed
an interpleader action in the Ingham Circuit Court
seeking to tender the $50,000 with the court,
pending resolution of both suits. In a November 8,
1984, order, the court accepted Michigan Mutual's
tender and ordered its counsel to act as an officer
of the court and place the $50,000 into a federally
insured financial institution. The money was de-
posited with First National Bank of Michigan in
an insured money market account with a nine
percent interest rate.

Thereafter, the other claimant involved in the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

accident entered into a settlement with defendant and accepted one half of the $50,000 in First National Bank of Michigan. All parties stipulated to the release of $26,289.61 to the claimant, which amount represented $25,000 plus nine percent interest accumulated to the date of withdrawal.

Plaintiff contends that she did not settle with defendant because such action would have adversely affected her pending dramshop actions. In any event, plaintiff's suit against defendant proceeded to mediation. Plaintiff argued that she was entitled to $25,000 plus twelve percent interest compounded yearly from the date she commenced suit. On July 21, 1986, the mediation panel rendered an award in favor of plaintiff in the amount of $25,000 plus "appropriate" interest. Plaintiff and defendant accepted the award but stipulated to submit the question of appropriate interest to the circuit court for determination.

Subsequently, defendant filed a motion for determination of interest and in an order dated November 19, 1986, the court ordered that plaintiff was entitled to $25,000 plus twelve percent interest per year from the date plaintiff's complaint was filed. Defendant's motion for reconsideration was denied.

Defendant's sole argument on appeal is that the trial court erred in ruling that plaintiff was entitled to statutory prejudgment interest of twelve percent per year from the date the complaint was filed pursuant to MCL 600.6013(4); MSA 27A.6013(4). We agree.

In the instant case, plaintiff's $25,000 award resulted from the parties' acceptance of the mediation panel's evaluation. MCR 2.403(M)(1) provides:

If all the parties accept the panel's evaluation, judgment will be entered in that amount. The

judgment shall be deemed to dispose of all claims in the action *and includes all fees, costs, and interest to the date of judgment.* [Emphasis added.]

A panel of this Court, in *Hatt v Cheff,* 177 Mich App 679; 442 NW2d 732 (1989), held that the trial court in that case went against the clear language of MCR 2.403(M)(1) by erroneously awarding the plaintiff prejudgment interest on a $45,000 judgment *entered pursuant to mutual acceptance of a mediation evaluation. Id.,* p 681. We are in complete agreement with the *Cheff* Court and find that the language of this court rule is plain and unambiguous. Thus, a judgment entered upon unanimous acceptance of a mediation evaluation shall include interest to the date of the judgment. The statement of the mediation award regarding interest is meaningless. The award does not preserve the question of prejudgment interest by indicating that plaintiff is awarded $25,000 plus "appropriate interest." The stipulation to submit the question to the circuit court cannot empower that court to award a dollar amount plus prejudgment interest. The mediation rule governs and, as previously indicated, interest is included in the mediation award. The circuit court was therefore powerless to award interest beyond the interest earned while the money was held by the court pursuant to the interpleader. Accordingly, we reverse that portion of the court's November 19, 1986, order providing that plaintiff was entitled to prejudgment interest at the rate of twelve percent per year from the date the complaint was filed.

Reversed and remanded for entry of a judgment consistent with this opinion. We do not retain jurisdiction.