JEANETTE v STADIUM MANAGEMENT CO

Docket No. 61291. Submitted February 17, 1981, at Lansing.—Decided
    . March 30, 1982.

Plaintiffs Edward Jeanette and Local 78, International Brother-
hood of Firemen and Oilers filed a petition in the Court of
Appeals for enforcement of an order of the Michigan Employ-
ment Relations Commission (the commission) which adopted a
decision and recommended order by a hearing officer which
found that Jeanette's discharge from employment by defendant
Stadium Management Co. (Wings Stadium) was, at least in
part, motivated by Jeanette's union organizing activities and
was, thus, an unfair labor practice. The commission had or-
dered defendant to reinstate Jeanette with full back pay. In an
unpublished opinion the Court of Appeals denied the petition to
enforce, by order of February 26, 1981, offering no reason for
its decision. The Supreme Court, in lieu of granting leave to
appeal, reversed the Court of Appeals order and remanded to
the Court of Appeals for summary treatment including a
compendious statement of their findings and reasons for deci-
sion, accompanied by relevant authority. 412 Mich 875 (1981).
On remand, *held:*

1. The petition for enforcement is timely despite the four-
year delay in seeking enforcement. The circumstances have not
changed so drastically as to warrant denial of the petition on
the ground of prejudicial delay.

2. The findings of the hearing officer, adopted by the commis-
sion, are not supported by competent, material, and substantial
evidence on the whole record.

3. Plaintiffs failed to carry their burden of proof which

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 555.
    48A Am Jur 2d, Labor and Labor Relations § 1754.
[2] 2 Am Jur 2d, Administrative Law § 321.
[3] 2 Am Jur 2d, Administrative Law § 391.
    48A Am Jur 2d, Labor and Labor Relations § 1653.
[4] 48A Am Jur 2d, Labor and Labor Relations § 1653.
[5] 2 Am Jur 2d, Administrative Law §§ 513, 516.

required that they establish that Jeanette's discharge was, in part, motivated by anti-union bias.

4. The Court of Appeals will extend the statutory conclusive presumption that the commission's order is supported by competent, material, and substantial evidence on the record as a whole if a timely petition for review is not filed by an aggrieved party to any commission order supported by some evidence in the record. However, where, as here, there is no evidence on a point crucial to the commission's decision, enforcement must be denied.

Petition for enforcement denied.

1. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — ENFORCEMENT OF ORDERS — SUMMARY RELIEF — COURT OF APPEALS.

The Court of Appeals may summarily grant relief without benefit of oral argument or formal opinion where enforcement of an order of the Employment Relations Commission is sought; however, the Court of Appeals is still required to make a compendious statement of findings and reasons for decision, with relevant authority.

2. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — ENFORCEMENT OF ORDERS.

A delay of nearly four years between an order of the Employment Relations Commission and a petition for enforcement of the order generally is not a ground for denial of enforcement because of length of delay alone; however, a change in circumstances drastic enough to warrant a finding of prejudicial delay may affect enforcement.

3. LABOR RELATIONS — WRONGFUL DISCHARGE — BURDEN OF PROOF.

The burden of proof, in a proceeding before the Employment Relations Commission charging discharge from employment motivated by anti-union bias, is on the charging party.

4. LABOR RELATIONS — WITNESSES — CREDIBILITY.

The fact that a hearing officer and the Employment Relations Commission find contrary testimony by a defendant's witnesses to be lacking in credibility does not establish the truthfulness of the inverse factual proposition.

5. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — ORDERS — PRESUMPTIONS — EVIDENCE.

The Court of Appeals will extend to any orders by the Employment Relations Commission which are supported by some

evidence in the record a presumption that the orders are supported by competent, material, and substantial evidence on the record as a whole where a timely petition for review is not filed by an aggrieved party; enforcement of an order will be denied where there is no evidence on a point crucial to the commission's decision (MCL 423.23[2][e]; MSA 17.454[25][2][e]).

*Dennis S. McCune,* for plaintiffs.

*Early, Starbuck & Lennon* (by *Thomas P. Standal),* for defendant.

Before: BRONSON, P.J., and M. F. CAVANAGH and M. J. KELLY, JJ.

PER CURIAM. Plaintiffs have filed a petition for enforcement of a May 24, 1977, order of the Michigan Employment Relations Commission, reaffirming the commission's prior order and decision of December 10, 1976, which adopted a decision and recommended order issued by a hearing officer on November 16, 1976, finding that Edward Jeanette's discharge from defendant's employ was, at least in part, motivated by Jeanette's concerted action to organize for improvement of wages, hours, and terms and conditions of employment, and was thus an unfair labor practice in violation of section (8) of the labor mediation act, MCL 423.8; MSA 17.454(8). In consequence of its findings, the commission ordered defendant to reinstate Jeanette with full back pay.

Defendant acknowledges that it has not reinstated Jeanette and contends that not only did the evidence adduced at trial fail to support the commission's decision but that Jeanette would, in any event, have been fired as of August 22, 1977, when he was incarcerated as the result of a criminal conviction. This latter argument, of course, fails to

deal with Jeanette's right to reinstatement and back pay up to and including August 22, 1977, even if valid for subsequent dates.

This Court originally denied the petition to enforce by order of February 26, 1981, offering no reason for its decision. By order of December 1, 1981, the Supreme Court remanded this matter for summary adjudication accompanied by a "compendious statement" of this Court's findings and reasons for decision, accompanied by relevant authority. 412 Mich 875 (1981). *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 605; 281 NW2d 454 (1979).

At the outset, we note that despite the nearly four-year delay involved in seeking enforcement of the commission's order, the petition for enforcement is nonetheless timely. *Kalamazoo Education Ass'n, supra,* 604. Aside from the suggestion that the circumstances were altered subsequent to August 22, 1977, no claim is made that the circumstances have so drastically changed as to warrant denial of the petition for enforcement solely on the ground of prejudicial delay. *Kalamazoo Education Ass'n, supra,* 609-610.

Our review of the commission's decision and order convinces us that the findings of the hearing officer, adopted by the commission, are not supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28. The crucial issue is whether defendant was aware of Edward Jeanette's union organizing activities and discharged him in retaliation for his exercise of the right to join together with other employees for the purpose of engaging "in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively

with their employers through representatives of their own free choice". MCL 423.8; MSA 17.454(8).

Jeanette's own testimony establishes only that defendant was aware that Jeanette, in the abstract, was a pro-union man and that, if future events so required, Jeanette would actively participate in a union organization attempt. This was not evidence that Jeanette had in fact been actively engaged in union organizing activities. Plaintiffs, therefore, failed to carry their burden of proof, which required that they establish that Jeanette's discharge was, in part, motivated by anti-union bias. *Employment Relations Comm v Cafana Cleaners, Inc,* 73 Mich App 752, 757; 252 NW2d 536 (1977), citing *NLRB v Federal Pacific Electric Co,* 441 F2d 765 (CA 5, 1971). The fact that the hearing officer and the commission found contrary testimony by defendant's witnesses to be lacking in credibility does not establish the truthfulness of the inverse factual proposition. *Cafana Cleaners, supra,* 761, citing *Boudeman v Arnold,* 200 Mich 162, 165; 166 NW 985 (1918).

This Court is aware of the statutory conclusive presumption which purportedly attaches to the commission's findings where, as here, defendant has failed to file a timely petition for review. MCL 423.23(2)(e); MSA 17.454(25)(2)(e), *Kalamazoo Education Ass'n, supra,* 607-608, fn 15. However, that statute cannot divest this Court of its inherent judicial power and responsibility to assure that the commission's findings of fact are supported by the record, Const 1963, art 6, § 28, prior to exercising judicial authority by means of an order enforcing the commission's decision. *Milk Marketing Board v Johnson,* 295 Mich 644, 654; 295 NW 346 (1940), citing *Highland Farms Dairy v Agnew,* 16 F Supp 575, 585 (ED Va, 1936), *aff'd* 300 US 608; 57 S Ct

549; 81 L Ed 835 (1937); Const 1963, art 3, § 2, art 6, § 1. In deference to the Legislature, this Court will extend such a presumption to any commission order supported by some evidence in the record; however, where, as here, there is no evidence on a point crucial to the commission's decision, enforcement must be denied. To hold otherwise would permit the Legislature to mandate the exercise of powers confided exclusively to the judiciary. Const 1963, art 3, § 2, art 6, § 1.

Accordingly, the petition for enforcement is denied.