MICHIGAN EDUCATIONAL SUPPORT PERSONNEL
ASSOCIATION v EVART PUBLIC SCHOOLS

Docket No. 63827. Submitted January 10, 1983, at Lansing.—Decided
April 19, 1983. Leave to appeal denied, 417 Mich 1100.32.

Complainant, Michigan Educational Support Personnel Associa-
tion, filed unfair labor practice charges with the Michigan
Employment Relations Commission alleging that respondent,
Evart Public Schools, improperly discharged two employees
because of union activities. The commission adopted a decision
and recommended order issued by a hearing officer and dis-
missed the charges. Complainant appeals from the order dis-
missing its claim. *Held:*

1. The Court of Appeals reviews decisions of the Michigan
Employment Relations Commission to determine whether the
decision is authorized by law and whether the commission's
findings are supported by competent, material, and substantial
evidence on the whole record.

2. The standard of proof which the commission should use in
reviewing a claim that a discharge was motivated by anti-union
animus is that the burden is on the party making the claim to
demonstrate that protected conduct was a motivating or sub-
stantial factor in the employer's decision to discharge the
employee. Once this showing is established, the burden then
shifts to the employer to demonstrate that the same action
would have taken place even in the absence of the protected
conduct. If the employer, by credible evidence, balances the
employee's prima facie case, the employer's burden of proof is
met and the duty of producing further evidence shifts back to
the employee.

3. The evidence supports the hearing officer's finding that
complainant failed to satisfy its burden of establishing that
union activity was a motivating or substantial factor in respon-
dent's decision to discharge the employees. Even assuming that
an anti-union animus had been established, it was satisfactorily

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 617, 619, 688, 689, 691.
[2] 48 Am Jur 2d, Labor and Labor Relations § 1484.

shown by respondent that the discharges would have occurred even in the absence of the protected activity.

4. The hearing officer properly rejected as incredible evidence which was presented by complainant concerning statements made by another of respondent's employees regarding respondent's motivation concerning the discharges.

Affirmed.

1. Appeal — Employment Relations Commission — Constitutional Law.

The Court of Appeals reviews decisions of the Michigan Employment Relations Commission by determining whether the decision is authorized by law and whether the commission's findings are supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. Labor Relations — Employment Relations Commission — Appeal — Burden of Proof — Anti-Union Animus.

The standard of proof which the Michigan Employment Relations Commission should use when reviewing a claim that an employee's discharge was motivated by anti-union animus is that the burden is on the party making the claim to demonstrate that protected conduct was a motivating or substantial factor in the employer's decision to discharge the employee; once this showing is established, the burden then shifts to the employer to demonstrate that the same action would have taken place even in the absence of the protected conduct; the employer's burden is one of going forward to meet the prima facie case established by the employee and not a burden of persuasion on the ultimate issue of the existence or nonexistence of a violation; if the employer, by credible evidence, balances the employee's prima facie case, the employer's burden of proof is met and the duty of producing further evidence shifts back to the employee.

*Foster, Swift, Collins & Coey, P.C.* (by *Deborah A. Deprez),* for complainant.

*Thrun, Maatsch & Nordberg, P.C.* (by *James T. Maatsch* and *Michael A. Eschelbach),* for respondent.

Before: D. E. HOLBROOK, JR., and CYNAR and H. W. MOES,* JJ.

PER CURIAM. Complainant appeals as of right from an order of the Michigan Employment Relations Commission dismissing complainant's claim alleging that respondent discharged two employees because of union activities in violation of MCL 423.210(1); MSA 17.455(10)(1).

In late February, 1980, complainant initiated organization proceedings in the Evart School District among the school district's nonprofessional employees. Amos Gray and DeLorne Loucks were custodians employed by the school district. Gray and Loucks attended an organizational meeting held on March 25, 1980, and each signed union authorization cards. The union filed a petition for an election with the commission on May 30, 1980. Gray and Loucks were discharged on June 3, 1980, and June 4, 1980, respectively. Complainant filed unfair labor practice charges with the commission shortly thereafter. In dismissing the charges, the commission adopted a decision and recommended order issued by a hearing officer on September 2, 1981.

Our review of decisions of the Michigan Employment Relations Commission involves a determination concerning whether the decision is authorized by law and whether the commission's findings are supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 121; 223 NW2d 283 (1974). We agree that the standard of proof set forth in *National Labor Relations Bd v Wright Line, A Division of Wright*

* Circuit judge, sitting on the Court of Appeals by assignment.

*Line, Inc,* 662 F2d 899 (CA 1, 1981), *cert den* 455 US 989; 102 S Ct 1612; 71 L Ed 2d 848 (1982), was the correct standard for the commission to use in reviewing complainant's claim. See *Michigan Employment Relations Comm v Reeths-Puffer School Dist,* 391 Mich 253, 260; 215 NW2d 672 (1974).

In *Wright Line, supra,* the court held that where it is alleged that a discharge is motivated by anti-union animus the burden is on the party making the claim to demonstrate that protected conduct was a motivating or substantial factor in the decision of the employer to discharge the employee. Once this showing is established, the burden then shifts to the employer to demonstrate that the same action would have taken place even in the absence of the protected conduct. The burden of the employer is one of going forward to meet the prima facie case established by the employee. It is not a burden of persuasion on the ultimate issue of the existence or nonexistence of a violation. It is a balancing of the evidence. If the employer, by credible evidence, balances the employee's prima facie case, the employer's burden of proof is met and the duty of producing further evidence shifts back to the employee. The burden of the employer referred to is a burden of production of evidence to meet the prima facie case of the employee. If the burden of the employer is met, the burden is then once again on the employee. As the court in *Wright Line* pointed out, however, burdens of "persuasion" and "production" are not, as a practical matter, likely to be very important in most cases as decisions will usually turn on a weighing of the evidence.

In the present case, the evidence supported the hearing officer's finding that complainant failed to satisfy its burden of establishing that union activ-

ity was a motivating or substantial factor in respondent's decision to discharge the employees. Although the discharges took place shortly after the petition for election was filed, they followed temporary suspensions which occurred prior to the filing. There is nothing in the record to establish that these employees were active in union organizing activities. The only involvement shown was that they, along with numerous other employees, signed union authorization cards. Evidence which was presented by complainant concerning statements made by another of respondent's employees regarding respondent's motivation concerning the discharges was properly rejected by the hearing officer as incredible. In our opinion, complainant has not demonstrated that the discharges were motivated by anti-union bias. See *Detroit Symphony Orchestra, supra,* p 126; *Jeanette v Stadium Management Co,* 117 Mich App 240; 323 NW2d 308 (1982).

Even assuming that an anti-union animus had been established, it is clear that it was satisfactorily shown by respondent that the discharges would have occurred even in the absence of the protected activity. Respondent did not become aware of the union's organizational activity before March, 1980. Prior to that time, both employees had been repeatedly warned that their work was unsatisfactory, and in Gray's case, that his conduct in the presence of students was unacceptable. Complainant does not dispute respondent's claim that both before and after the initiation of union activity the two employees failed to properly perform their assigned tasks. Under these circumstances, we decline to upset the commission's order.

Affirmed. No costs.