KNOKE v MICHLIN CHEMICAL CORPORATION

Docket No. 120163. Submitted December 12, 1990, at Lansing. Decided April 15, 1991, at 9:25 A.M. Leave to appeal sought.

Richard Knoke brought a products liability action in the Jackson Circuit Court against Michlin Chemical Corporation and others. A mediation panel determined that the plaintiff's action was frivolous, and the plaintiff was ordered to post a $5,000 bond for each defendant as required by MCR 2.403. The court, Russell E. Noble, J., dismissed the action after the plaintiff failed to post the bonds, and subsequently refused to review the mediation panel's determination that the action was frivolous. The plaintiff appealed.

The Court of Appeals *held:*

A mediation panel's determination that an action or defense is frivolous, thus requiring the party against whom the determination is made to post a bond pursuant to MCR 2.403(N)(1), is subject to review de novo by the trial court.

While MCR 2.403 makes no explicit provision for review of a mediation panel's determination that an action or defense is frivolous, consideration of the purpose of mediation, of judicial powers reserved by the constitution solely for the courts, and of due process leads to a construction of the court rule that requires judicial review of such a determination de novo.

Reversed and remanded.

PRETRIAL PROCEDURE — MEDIATION — FRIVOLOUS CLAIMS OR DEFENSES — REVIEW DE NOVO.

A mediation panel's determination that an action or defense is frivolous, thus requiring the party against whom the determination is made to post a bond or else face dismissal or default, is subject to review de novo by the trial court (MCR 2.403[N] [1]).

*Harvey J. Hoffman,* for Richard Knoke.

REFERENCES

Am Jur 2d, Appeal and Error §§ 19, 105.

See the Index to Annotations under Appeal and Error; Frivolous Actions.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Brian R. Sullivan*), for Michlin Chemical Corporation.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt* and *Maurice A. Borden*), for A. B. Dick Company.

*Feikens, Foster, Vander Male & DeNardis, P.C.* (by *Robert F. Riley* and *Sarah J. Lyons*), for Bell & Howell Company.

*Ogne, Alberts & Stuart, P.C.* (by *Dennis Alberts* and *John M. Conway*), for Impression Products, Inc.

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

SHEPHERD, P.J. Plaintiff appeals as of right the dismissal of his action with respect to all defendants on the basis of plaintiff's failure to post a bond pursuant to MCR 2.403(N)(1). We reverse and remand for a hearing on the question whether plaintiff's action was frivolous.

Plaintiff, a school counselor, who claims he suffers from multiple chemical sensitivity syndrome as a result of exposure to chemical products manufactured by defendants, brought this products liability action in November 1984. The case was eventually mediated on December 9, 1988. The mediators not only returned an evaluation of no cause of action with respect to all the defendants, but also determined that plaintiff's action was frivolous. Pursuant to MCR 2.403(N)(1), plaintiff was required to then post a $5,000 bond for each of the six defendants, but plaintiff was unable to do so. After the prescribed time for posting the bond expired, the defendants moved to dismiss. Plaintiff

also moved for an extension of time within which to post the bond. The trial court denied the latter motion and granted defendants' motions to dismiss. Plaintiff thereafter filed a motion for "reconsideration/new trial," essentially invoking the trial court's equitable powers to review the mediators' decision that plaintiff's action was frivolous. The trial court's denial of this motion was premised on its determination that it was bound by the language of the court rule, which did not provide for the relief sought by plaintiff.

At the crux of this dispute is the question whether a mediation panel's decision that an action is frivolous is subject to judicial review. We believe it is.

MCR 2.403 provides in pertinent part:

(N) Proceedings After Rejection.

(1) If all or part of the evaluation of the mediation panel is rejected, the action proceeds to trial in the normal fashion. In a tort action to which MCL 600.4915(2); MSA 27A.4915(2) or MCL 600.4963(2); MSA 27A.4963(2) applies, if the evaluation indicates that the panel unanimously found that a party's action or defense as to any other party is frivolous, the following provisions apply:

(a) The party whose action or defense was found to be frivolous shall post a cash or surety bond, pursuant to MCR 3.604, in the amount of $5,000 for each party against whom the action or defense was determined to be frivolous.

(b) The bond must be posted within 56 days after the mediation hearing or at least 14 days before trial, whichever is earlier.

\*   .\*   \*

(d) If the bond is not posted as required by this rule, the court shall dismiss a claim found to have been frivolous . . . .

Where a party is unable, as here, to post the

required bond, the mediators' evaluation becomes, for all intents and purposes, a final judgment. However, unlike other final orders or judgments, no provision is explicitly made for further review. If we construe the court rule strictly, as defendants urge us to do, a dismissal for failure to post a bond would be the only circumstance under MCR 2.403 in which an action would be dismissed either without the parties' consent, as would be the case if mediation were accepted, or without review of the merits by a factfinder, as would be the case if mediation were rejected and the action proceeded to trial. We do not believe the Supreme Court intended such a result.

This Court has repeatedly held that a court rule should be construed in accordance with the ordinary and approved usage of the language, but it should also be construed in light of its purpose and the object to be accomplished by its operation. *In re Pritchard Estate,* 169 Mich App 140, 151; 425 NW2d 744 (1988). See also MCR 1.105:

> These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of any error that does not affect the substantial rights of the parties.

The purpose of mediation is to provide a process by which the settlement value of a given case, on the basis of differing perspectives, may be evaluated and guidance to the respective parties with the intent that they may resolve their dispute without the expense of trial. Nowhere in the mediation rule is an intent expressed that the mediation panel be cloaked with judicial authority to make final and binding decisions.

Yet, were we to conclude that a mediation pan-

el's determination that an action is frivolous is not subject to judicial review and, in the absence of the required bond, dispositive of the action, we would perforce vest the mediators with judicial powers reserved solely for the courts by the constitution. See Const 1963, art 3, § 2. This we cannot do. Indeed, construction of MCR 2.403(N)(1) as precluding judicial review would likewise impermissibly divest the courts of this state of their inherent judicial power. See *Jeanette v Stadium Management Co,* 117 Mich App 240, 244-245; 323 NW2d 308 (1982).

Having determined that a mediation evaluation which concludes that an action is frivolous is subject to judicial review, we must now address the scope of that review. Given the nature and purpose of mediation, we conclude that there should be de novo review of the mediators' decision on this issue. This is consistent with the mediation court rule which permits an action to proceed to trial on its merits in the event the parties reject mediation. No less should be afforded a party in the instant plaintiff's position. Due process requires that litigants be afforded a meaningful opportunity to present their case. *Kar v Hogan,* 399 Mich 529, 545; 251 NW2d 77 (1976). Anything short of de novo review of the type of determination made here would be an affront to fundamental notions of due process given the fact that this would be the first time that a judicial or quasi-judicial body examined the issue.

The trial court's order is reversed and the matter is remanded for a hearing on the question whether plaintiff's action is frivolous. If the trial court so finds, it shall impose the appropriate bond as a condition for proceeding to trial.