QUINN v POLICE OFFICERS LABOR COUNCIL

Docket No. 179266. Submitted March 19, 1996, at Lansing. Decided April 5, 1996, at 9:25 A.M.

Robert A. Quinn filed charges of unfair labor practice in the Michigan Employment Relations Commission against the Police Officers Labor Council (POLC) and the Police Officers Association of Michigan (POAM) after neither the POLC nor the POAM pursued a grievance originally filed by the POLC concerning the termination of Quinn's employment. While the grievance was pending, an election had resulted in the decertification of the POLC and the certification of the POAM as the collective bargaining agent for the bargaining unit of which Quinn had been a member. The commission decided that the POLC, and not the POAM, was obligated by the duty of fair representation to continue pursuing the grievance. The POLC appealed.

The Court of Appeals *held*:

A union's duty of fair representation is coterminous with its authority to act as the exclusive agent of the represented employees. Accordingly, when the POLC was decertified, its duty of fair representation, including the duty to pursue the grievance relating to Quinn, ended. The POAM must assume control over the grievance and decide how best to proceed.

Reversed and remanded.

LABOR RELATIONS — UNIONS — DUTY OF FAIR REPRESENTATION.

A union's duty to fairly represent its members is coterminous with its authority to act as the exclusive agent of the represented employees; following decertification of a union as exclusive agent, its duty of fair representation ends and it is under no further duty to continue to pursue a grievance it filed before decertification.

*John A. Lyons, P.C.* (by *John A. Lyons* and *Barton J. Vincent*), for Police Officers Labor Council.

*Stephen P. Whitaker*, for Police Officers Association of Michigan.

Before: HOLBROOK, P.J., and TAYLOR and W. J. NYKAMP,* JJ.

TAYLOR, J. Respondent Police Officers Labor Council (POLC) appeals as of right the decision and order of the Michigan Employment Relations Commission (MERC) ordering it to process charging party Robert A. Quinn's grievance. We reverse and remand.

The POLC argues that its duty of fair representation of its union members is coterminous with its authority to act as exclusive representative of the employees. We agree with this proposition and, accordingly, agree that, when the POLC was decertified as the union of the employees, its duty of fair representation ended at that time.[1]

Quinn worked as a communications operator in the Port Huron Police Department. In 1991, the POLC represented Quinn's bargaining unit. The collective bargaining agreement between the POLC and the police department expired on June 30, 1991, but the parties continued to negotiate toward a new agreement.

The police department discharged Quinn on August 25, 1992, and a grievance concerning the discharge was filed by the POLC on August 26, 1992. On October 27, 1992, an election was held pursuant to a representation petition filed earlier, and the Police Officers Association of Michigan (POAM) replaced the POLC as the certified representative of communications operators on November 23, 1992.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This Court has previously issued conflicting unpublished opinions per curiam regarding this question. See *Burns v Michigan AFSCME*, issued April 5, 1989 (Docket No. 97420), and *Tucker v Michigan Ass'n of Public Employees*, issued December 15, 1995 (Docket No. 166914).

At this point, a dispute arose between the POLC and the POAM concerning which union had a duty of fair representation with regard to Quinn. On April 2, 1993, Quinn filed unfair labor charges against both the POLC and the POAM for failure to pursue his grievance.

The hearing referee held a hearing on these charges and issued a decision and order on May 17, 1994, finding that the POLC did not violate the public employment relations act (PERA), MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, but that the POAM violated its duty of fair representation under § 10(3)(a) of the PERA, MCL 423.210(3)(a); MSA 17.455(10)(3)(a), by failing to process plaintiff's grievance. In essence, the referee held that the duty to represent unit employees shifts at the time a new union is certified.

In a two-to-one decision, the MERC declined to follow the referee's recommendation and issued a decision and order on September 15, 1994, finding that the POAM did not violate the PERA, but that the POLC violated its duty of fair representation by not continuing to process Quinn's grievance. Accordingly, it ordered the POLC to cease and desist from refusing to represent Quinn and to process the grievance and keep Quinn apprised of his status. The rationale of the MERC was that the POLC had this duty because the events giving rise to the grievance occurred while the POLC was the exclusive bargaining representative.

This court reviews a MERC decision to determine if it is authorized by law and if the MERC's findings are supported by competent, material, and substantial evidence on the whole record. *Michigan Educational Support Personnel Ass'n v Evart Public Schools*, 125 Mich App 71, 73; 336 NW2d 235 (1983).

In construing state labor statutes, Michigan looks to constructions by federal courts of analogous provisions of the National Labor Relations Act. *Demings v City of Ecorse*, 423 Mich 49, 56; 377 NW2d 275 (1985). Under federal law, a union's duty of fair representation arises out of its power as the exclusive bargaining representative of the employees. *Adcox v Teledyne, Inc*, 21 F3d 1381, 1386 (CA 6, 1994); *Pratt v UAW, Local 1435*, 939 F2d 385, 388 (CA 6, 1991).

The elected representative is the exclusive bargaining representative of public employees. MCL 423.211; MSA 17.455(11). In this case, the POAM became the exclusive bargaining representative upon certification. It was also, of course, at that time that the POLC lost such status. Therefore, under *Adcox* and *Pratt*, the POAM, not the POLC, owed a duty of fair representation to Quinn once the POAM was certified. Accordingly, the POLC could not have breached a duty to continue pursuing Quinn's grievance after the POAM's certification because it owed no such duty to Quinn.

Finally, the POAM has advanced a policy concern that it should not be bound to pursue grievances filed by the POLC. This concern is easily met inasmuch as, upon certification, the new union must evaluate and decide the proper course of action with respect to pending grievances. A union has the authority to consider the merits of pending grievances and decide how best to proceed.

> "In the area of grievances, the courts have held that the union has considerable discretion to decide which grievances shall be pressed and which shall be settled. It has been said that the union has latitude to investigate claimed grievances by members against their employers, and has the power to abandon frivolous claims."

> "[T]he union "obviously" is not required to carry every grievance to the highest level, but must be permitted to assess each with a view to individual merit." [*Goolsby v Detroit*, 419 Mich 651, 663; 358 NW2d 856 (1984), quoting *Lowe v Hotel & Restaurant Employees Union, Local 705*, 389 Mich 123, 145-147; 205 NW2d 167 (1973).]

In summary, then, the POLC did not have a duty to continue Quinn's grievance after decertification, and the POAM had a duty to assume control over the grievance once it was certified. The MERC erred as a matter of law in holding otherwise.

We reverse the decision of the MERC and remand to the MERC for such further proceedings as are appropriate in light of the POAM's status with regard to Quinn.