STRAMAN v LEWIS

Docket No. 183186. Submitted June 20, 1996, at Grand Rapids. Decided December 13, 1996, at 9:25 A.M. Leave to appeal sought.

Minerva E. Straman brought an action in the Berrien Circuit Court against Carol Lewis and Lynda Hurlow, alleging that her dismissal as an elementary school principal was because of the defendants' interference. The matter went to mediation, and the mediation panel determined that the plaintiff's complaint was frivolous. The plaintiff rejected the mediators' evaluation and chose to proceed to trial. The court, John T. Hammond, J., held that *Knoke v Michlin Chemical Corp*, 188 Mich App 456 (1991), was not binding precedent and, accordingly, without making an independent determination whether the plaintiff's complaint was frivolous, dismissed the action with prejudice pursuant to MCR 2.403(N)(1)(d) when the plaintiff failed to post a bond. The plaintiff appealed.

The Court of Appeals *held:*

Neither the fact that the Supreme Court granted leave to appeal in *Knoke* nor the fact that the appeal was dismissed on stipulation of the parties, see 439 Mich 1019 (1992), affected the precedential value of the *Knoke* determination that a trial court must make an independent determination de novo concerning whether a plaintiff's claim is frivolous. Accordingly, the *Knoke* holding was binding on the trial court pursuant to MCR 7.215(C)(2) and is binding on the Court of Appeals pursuant to Administrative Order No. 1996-4. On remand, the trial court must hold a hearing and make an independent determination de novo concerning whether the plaintiff's claim is frivolous. Only upon the court's independent finding that the claim is frivolous may the court dismiss the plaintiff's claim on the basis of her failure to file a bond in accordance with MCR 2.403(N)(1).

Reversed and remanded.

1. Courts — Court of Appeals — Supreme Court — Leave to Appeal — Stare Decisis.

The binding effect on a trial court and on the Court of Appeals of an opinion of the Court of Appeals published after November 1, 1990, is not diminished either by the granting by the Supreme Court of leave to appeal or by a subsequent dismissal of the appeal by stipu-

lation of the parties (MCR 7.215[C][2]; Administrative Order No. 1996-4).

2. PRETRIAL PROCEDURE — MEDIATION — FRIVOLOUS CLAIMS — REVIEW DE NOVO.

   A mediation panel's determination that a claim is frivolous must be reviewed de novo by the trial court before the claim may be dismissed for failure of the party making the claim to post a bond (MCR 2.403[N][1]).

*Edward E. Robinson, Ltd.* (by *Edward E. Robinson*), for the plaintiff.

*Law Offices of Boothby & Yingst* (by *Robert A. Yingst*), for the defendants.

Before: MacKENZIE, P.J., and MARKEY and J. M. Batzer,* JJ.

MacKENZIE, P.J. Plaintiff was dismissed as an elementary school principal, allegedly because of defendants' interference. This lawsuit followed. The matter went to mediation and resulted in the mediation panel's determination that plaintiff's complaint was frivolous. Plaintiff rejected the mediators' evaluation and chose to proceed to trial. The trial court subsequently dismissed the action with prejudice because plaintiff failed to post the bond required under MCR 2.403(N)(1) after the mediation panel found her complaint was frivolous. Plaintiff appeals as of right. We reverse and remand.

MCR 2.403(N)(1) provides in relevant part:

   If all or part of the evaluation of the mediation panel is rejected, the action proceeds to trial in the normal fashion. In a tort action to which . . . MCL 600.4963(2); MSA 27A.4963(2) [tort action mediation] applies, *if the evalua-*

---

* Circuit judge, sitting on the Court of Appeals by assignment

*tion indicates that the panel unanimously found that a party's action or defense as to any other party is frivolous, the following provisions apply:*

(a) *The party whose action or defense was found to be frivolous shall post a cash or surety bond,* pursuant to MCR 3.604, in the amount of $5,000 for each party against whom the action or defense was determined to be frivolous.

\* \* \*

(d) *If the bond is not posted as required by this rule, the court shall dismiss the claim found to have been frivolous,* and enter the default of the person whose defense was found to be frivolous. [Emphasis added.]

In *Knoke v Michlin Chemical Corp,* 188 Mich App 456; 470 NW2d 420 (1991), this Court determined that a party is not required to post the bond mandated under MCR 2.403(N)(1)(a) until the circuit court has conducted a review de novo of the mediators' decision that a claim is frivolous. The Supreme Court granted leave in *Knoke* on June 1, 1992, 439 Mich 1019 (1992), but on July 28, 1992, the appeal was "dismissed upon stipulation of the parties . . . with prejudice and without costs." 439 Mich 1019 (1992).

In this case, the trial court acknowledged this Court's opinion in *Knoke,* but ruled that the Supreme Court's order dismissing the applications for leave to appeal had the effect of vacating the *Knoke* opinion— as opposed to terminating the proceedings in the Supreme Court—thus leaving *Knoke* without effect or precedential value. The trial court then ruled, contrary to *Knoke,* that dismissal of plaintiff's action without judicial review of the mediators' decision was appropriate under MCR 2.403(N)(1)(d) because she had not posted the requisite bond.

On appeal, plaintiff argues, first, that the trail court erred in determining that this Court's decision in *Knoke* lacked precedential value and, second, that under *Knoke* the trial court also erred when it dismissed her complaint. We agree.

MCR 7.215(C)(2), addressing the effect of this Court's opinions, provides:

> A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis. The filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals.

Thus, the publication of an opinion of this Court creates binding precedent statewide, and, contrary to past practice as reflected by *People v Phillips*, 416 Mich 63; 330 NW2d 366 (1982), the opinion remains binding "until such time as a decision of the Supreme Court enters altering the lower court decision or questioning its rationale." 6 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 315. See also *Michigan Millers Mutual Ins Co v Bronson Plating Co*, 197 Mich App 482; 496 NW2d 373 (1992) (holdings of this Court not addressed on the merits by the Supreme Court remain binding despite reversal on other grounds).

Applying these principles to the *Knoke* decision, it is clear that the case remains precedent that is binding on the trial court under MCR 7.215(c)(2) and also on this Court under Administrative Order No. 1996-4, see 451 Mich xxxii (1996). The Supreme Court's order merely dismissed the applications for leave to appeal on the basis of the parties' stipulation. The order did

not address the merits of this Court's opinion in *Knoke*, it did not alter this Court's decision, and it did not question this Court's rationale. Thus, stare decisis required the trial court to follow *Knoke* in this case.

Under *Knoke*, plaintiff, without posting a bond, was entitled to a review de novo of the mediators' determination that her complaint was frivolous. Because the trial court dismissed her complaint for failure to post such a bond, we must reverse. Consistent with *Knoke*, we remand to the trial court for a review de novo of the mediators' determination that plaintiff's claim was frivolous. If the court upholds that determination, *then* plaintiff will be required to post a bond as required by MCR 403(N)(1), and her failure to do so will constitute grounds for dismissal.

Reversed and remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.