## SMITH v ELENGES

Docket No. 81903. Submitted March 10, 1986, at Detroit. Decided November 17, 1986.

Norma Smith and Paul Smith filed an action in Wayne Circuit Court against Toney Elenges, doing business as Toney's Jefferson Mobile Service, and several physicians. Plaintiffs rejected and the defendant physicians accepted a unanimous mediation board recommendation as to damages. The case proceeded to trial and the jury returned a verdict of no cause of action against the defendant physicians. The trial court, Richard C. Kaufman, J., awarded those defendants their actual costs pursuant to a Wayne Circuit Court Rule allowing for the imposition of costs as a sanction on a plaintiff who rejects a unanimous mediation evaluation and fails to secure a verdict which is ten percent greater than the board's evaluation. After an appeal and retrial on the issue of damages, a consent judgment of $20,000 was entered as to Toney's Jefferson Mobile Service only. Plaintiffs' motion for a reconsideration of the trial court's ruling regarding costs was thereafter denied and the plaintiffs appealed.

The Court of Appeals *held:*

1. The prior appeal in this case only concerned an improper jury instruction and did not address the question of the mediation sanctions which is the subject of this appeal. Therefore, the law of the case doctrine does not apply to preclude plaintiffs from appealing from the trial court's ruling as to costs.

2. The consent judgment obtained by plaintiffs did not constitute a verdict for purposes of the Wayne Circuit Court Rule in question and the trial court, therefore, properly imposed costs pursuant to that court rule.

Affirmed.

1. APPEAL — LAW OF THE CASE.

A prior ruling of the Court of Appeals concerning the same

REFERENCES

Am Jur 2d, Appeal and Error §§ 744 *et seq.*

Am Jur 2d, New Topic Service, Alternative Dispute Resolution § 24.

See the annotations in the Index to Annotations under Preliminary or Pretrial Matters.

question in the same case becomes the law of the case and is controlling in any subsequent appeal to the Court of Appeals; however, the law of the case doctrine is not applicable where the issue raised in the subsequent appeal is not precisely the same question raised in the prior appeal.

2. PRETRIAL PROCEDURE — MEDIATION — WAYNE CIRCUIT COURT RULES.

The purpose of the Wayne Circuit Court Rules on mediation is to expedite and simplify the final settlement of cases; the policy underlying the rule allowing assessment of costs against a party who has rejected a mediation award is to place the burden of litigation costs upon the party who insists upon a trial (WCCR 403.15).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Harry Riseman,* for Carl C. Silver.

*Kerr, Russell & Weber* (by *C. Kenneth Perry, Jr.*), for Carlos Perez-Borja and Glorificacion Medina.

Before: T. M. BURNS, P.J., and WAHLS and T. R. THOMAS,* JJ.

PER CURIAM. This cause of action originally arose out of an automobile accident. Plaintiffs, Norma Smith and Paul Smith, brought an action against defendant Toney's Jefferson Mobile Service and several doctors. Plaintiffs turned down a unanimous mediation board recommendation as to damages. Eventually the jury trial resulted in a no cause verdict for the individual doctors. Because plaintiffs failed to win an award greater than ten percent higher than the unanimous mediation award, actual costs were imposed against plaintiffs. After an appeal and retrial on the issue of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

damages, a consent judgment of $20,000 was entered as to Toney's Jefferson Mobile Service only. Plaintiffs then moved to set aside the mediation sanctions awards to the other defendants since the total amount of $20,000, although against only one of the defendants, is over the total mediation evaluation of $15,000 plus ten percent or $16,500. The trial court denied the motion. Plaintiffs appeal as of right. We affirm.

Prior to reaching the merits, an issue as to whether this appeal is proper has been raised. Defendants Medina and Perez-Borja argue that plaintiffs "lack standing" to appeal the trial court's award of costs and mediation sanctions because the issue was already presented in an earlier appeal. That argument seems to be based on the doctrine of law of the case, although cases dealing with abandonment are cited.

Where a prior ruling of the appellate court concerns the same question of law in the same case, the doctrine of law of the case applies and the prior ruling is controlling, *People v Covington,* 132 Mich App 79, 85; 346 NW2d 903 (1984), lv den 419 Mich 917 (1984). If the facts before a prior panel were the same as those before this panel, the previous disposition of an issue on the merits would preclude further review on appeal, *People v Pauli,* 138 Mich App 530, 541; 361 NW2d 359 (1984), lv den 422 Mich 930 (1985). Here, the earlier opinion dealt only with a faulty jury instruction, and did not address the mediation sanctions because the ultimate outcome was unknown. Thus, the question was not decided in the earlier proceeding. This appeal was based on the 1984 order denying the motion to set aside mediation sanctions in light of the consent judgment, so it raised issues not presented in the earlier appeal.

There is an argument that, since the reversal

did not involve appellees (it was on damages, and they received no cause verdicts), any appeal as to the mediation sanctions should have taken place then. However, since plaintiffs claim that the total result must be used, and that position is at least arguable, it was proper to raise the issue after the consent judgment was entered.

As to the merits, Wayne Circuit Court Rule 403.15(c) provides:

> (c) When the board's evaluation is unanimous, and the defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the board's evaluation in order to avoid the payment of actual costs to the defendant.

The purpose of the mediation rule is to expedite and simplify the final settlement of cases. *Lincoln v Gupta,* 142 Mich App 615, 631; 370 NW2d 312 (1985). The policy underlying this rule is to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award. Thus, the rules are designed to favor settlements before a trial has been held, and to relieve parties, who are willing to settle for a fair amount, of the burden of a trial.

Here, two defendants were forced to go through a trial and two appellate proceedings although both the mediation evaluation and the final results were no cause verdicts in their favor. A consent judgment does not constitute a verdict as that term is used in WCCR 403. Because the consent judgment was not a verdict, plaintiffs never obtained a verdict more than ten percent greater

than the mediation evaluation, and it was proper to leave the sanction and costs intact. WCCR 403.15(c) and (e).

The second sub-issue presented is whether the amount of the verdict should be considered in total, or viewed as to each individual defendant. Because the consent judgment is not a verdict, there is no need to address this issue.

Affirmed.