LARSON v AUTO-OWNERS INSURANCE COMPANY

Docket No. 126513. Submitted May 5, 1992, at Grand Rapids. Decided May 18, 1992, at 9:35 A.M. Leave to appeal sought.

Wilbert D. Larson brought an action in the Cheboygan Circuit Court against Auto-Owners Insurance Company, seeking insurance benefits under the no-fault insurance act and attorney fees for the defendant's alleged unreasonable refusal to pay or delay in paying the benefits. A mediation panel awarded the plaintiff $17,000, but no costs or interest. Both parties accepted the evaluation. The court, Robert C. Livo, J., entered judgment consistent with the evaluation and denied the plaintiff's request for costs and attorney fees. The plaintiff appealed.

The Court of Appeals *held:*

1. MCR 2.403(M)(1) clearly and unambiguously provides that it is for the mediation panel to decide if costs, fees, or interest should be included in any evaluation. If a mediation panel declines to award costs, fees, or interest, the mutual acceptance of the mediators' evaluation waives the subsequent raising of the issue of costs or fees in the trial court.

2. After the plaintiff accepted the mediation evaluation, he was not entitled, as a matter of law, to recover costs under MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591.

3. MCR 2.403 is intended to settle cases without further litigation. That purpose would not be served by distinguishing awards of attorney fees from sanctions that include attorney fees pursuant either to MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591.

Affirmed.

*Sumpter, Perry & McDonald, P.C.* (by *Thomas E. McDonald*), for the plaintiff.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Kerr L. Moyer*), for the defendant.

Before: Hood, P.J., and Connor and R. C. Kaufman,* JJ.

Connor, J. Plaintiff appeals as of right from the trial court's postjudgment order of January 29, 1990, denying his request for costs and attorney fees. On November 27, 1989, the court entered a final judgment based upon the parties' acceptance of a mediation award of $17,000 for plaintiff's claim for personal protection insurance benefits under the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* We affirm.

On appeal, plaintiff challenges the trial court's decision that he was not entitled to recover costs and attorney fees available pursuant to MCL 500.3148; MSA 24.13148 and MCL 600.2591; MSA 27A.2591.

In the mediators' evaluation of this case, plaintiff was awarded $17,000, but "no costs or interest." The parties have not made their respective mediation summaries part of the lower court record, therefore we do not know what issues were raised in mediation. According to plaintiff's complaint and amended complaint, he was seeking not only no-fault benefits he claimed were due from defendant, but also attorney fees under MCL 500.3148; MSA 24.13148 for defendant's alleged unreasonable refusal to pay and delay in paying insurance benefits.

The trial court denied plaintiff's request for attorney fees on the ground that defendant disputed the benefits plaintiff claimed were due, and, therefore, there was a valid defense in this case. Plaintiff moved for reconsideration of that decision, and the trial court ruled in part as follows:

Plaintiff's argument ignores the fact that the

* Circuit judge, sitting on the Court of Appeals by assignment.

issue of no-fault attorney fees was resolved along with all the other matters at issue in this case when the mediators evaluated it and the parties then accepted their evaluation.

On appeal, plaintiff argues that the trial court erred in denying the request for costs and attorney fees as a matter of law as well as on the merits.

MCR 2.403(M)[1] addresses the effect an acceptance of a mediation evaluation has on the status of a case. At the time of mediation in this case, MCR 2.403(M)(1) provided as follows:

> If all the parties accept the panel's evaluation, judgment will be entered in that amount, which includes all fees, costs, and interest to the date of judgment.

The court rule for mediation does not otherwise address the awarding of costs, fees, or sanctions for cases resolved through the acceptance of the mediators' evaluation.[2]

In general, courts will not award attorney fees unless expressly authorized by court rule or statute. *McKelvie v Mt Clemens,* 193 Mich App 81, 84; 483 NW2d 442 (1992). Both MCL 500.3148; MSA 24.13148 and MCL 600.2591; MSA 27A.2591 permit a prevailing party to recover attorney fees in appropriate cases. The question we must resolve is whether these provisions apply to cases that are

[1] Effective March 31, 1990, MCR 2.403(M)(1) now provides:

If all the parties accept the panel's evaluation, judgment will be entered in that amount. The judgment shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date of judgment.

[2] Under MCR 2.403(K)(5), in medical malpractice cases or tort actions, a mediation panel may indicate if a party's defense or action is frivolous. This provision of the court rule is not applicable to this case because tort or malpractice claims are not at issue.

resolved through mediation without the necessity of a trial.[3]

In interpreting court rules, we apply the rules of statutory construction. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). Hence, a court rule should be construed in accordance with the ordinary and approved usage of the language, in light of the purpose to be accomplished by its operation. *Knoke v Michlin Chemical Corp,* 188 Mich App 456, 459; 470 NW2d 420 (1991). In general, the purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial. *Smith v Elenges,* 156 Mich App 260, 263; 401 NW2d 342 (1986). An accepted mediation evaluation serves as a final adjudication of the claims mediated, and is therefore binding on the parties similar to a consent judgment or settlement agreement. *Espinoza v Thomas,* 189 Mich App 110, 117; 472 NW2d 16 (1991).

In this instance, we believe MCR 2.403(M)(1) clearly and unambiguously provides that it is for the mediation panel to decide if costs, fees, or interest should be included in any evaluation. If a mediation panel declines to award costs, fees, or interest, the mutual acceptance of the mediators' evaluation waives the subsequent raising of the issue of costs or fees in the trial court. Fees and costs are no longer available but are considered disposed of in the mediation panel's decision. "The mediation award is deemed to include all costs, fees, and interest to the date of judgment, so the amount of the judgment and the amount of the award will be identical." 2 Martin, Dean & Webster, Michigan Court Rules Practice, p 445. Other

---

[3] The application of MCL 500.3148; MSA 24.13148 and MCL 600.2591; MSA 27A.2591 are not contingent upon a case actually being tried.

panels of this Court have reached the same conclusion with regard to awards of prejudgment interest when a mediation award is accepted by both sides. *Mercer v Winnick,* 185 Mich App 567, 569-570; 462 NW2d 760 (1990); *Hatt v Cheff,* 177 Mich App 679, 681; 442 NW2d 732 (1989).

The two provisions plaintiff relies upon in this case to seek attorney fees provide for the recovery of either "fees," MCL 500.3148; MSA 24.13148, or "costs and fees," MCL 600.2591; MSA 27A.2591. In accordance with our determination that any entitlement to attorney fees or costs is presumed to have been decided by the mediation panel, we find as a matter of law that plaintiff was not entitled to request attorney fees or costs under either MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591 after he accepted the mediation evaluation for his claims against defendant.[4]

We also reject plaintiff's argument that MCR 2.403(M)(1) is limited to costs or fees and consequently would not bar an award made pursuant to either MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591 because those statutes provide for "sanctions." Compare *Antonow v Marshall,* 171 Mich App 716, 718-719; 430 NW2d 768 (1988) (order of dismissal that provided the case was dismissed without "costs, interest or attorney fees," did not bar motion brought pursuant to MCR 2.114(E) because that rule grants "sanctions" for violation of the court rules regarding pleadings). We believe that MCR 2.403 is intended to settle cases without further litigation, and that purpose would not be served by distinguishing

---

[4] We note that the mediation evaluation indicates that plaintiff was not awarded costs or interest. This leads us to conclude that the mediation award may have taken into account an award of attorney fees, otherwise we think the panel would have probably stated it also was denying an award for fees.

awards of attorney fees from sanctions that include attorney fees.

Although the trial court addressed the merits of the request for fees under MCL 500.3148; MSA 24.13148 and MCL 600.2591; MSA 27A.2591 in ruling that defendant did not present a frivolous defense or did not unreasonably deny plaintiff benefits, we need not address the correctness of that ruling because plaintiff was not entitled to recover costs under MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591 as a matter of law.

Affirmed.