MERIT MANUFACTURING & DIE, INC v ITT HIGBIE
MANUFACTURING COMPANY

Docket No. 139962. Submitted October 13, 1993, at Detroit. Decided
    March 7, 1994, at 9:00 A.M.

Merit Manufacturing & Die, Inc., brought an action in the Wayne
    Circuit Court against ITT Higbie Manufacturing Company,
    alleging and seeking damages for breach of contract. The court,
    Marvin R. Stempien, J., granted a motion by the plaintiff for
    an order compelling discovery and awarded the plaintiff
    $3,453.38 as sanctions for the defendant's failure to permit
    discovery. The award included attorney fees, deposition costs,
    airfare, and meals and lodging expenses incurred by the plain-
    tiff in deposing an employee of the defendant who refused to
    furnish a telephone log he had referred to during deposition.
    The parties agreed to a mediation evaluation of $50,000 in
    favor of the plaintiff. Rejecting the defendant's contention that
    the plaintiff had waived the award of sanctions in accepting the
    mediation evaluation, the court ordered the defendant to pay
    the award of sanctions in addition to the mediation award. The
    defendant appealed.

    The Court of Appeals held:

    1. Sanctions imposed after a grant of an order to compel
    discovery under MCR 2.313 but before the parties agree to a
    mediation evaluation pursuant to MCR 2.403 are separate
    from, and are not discharged with, the mediation award.

    2. The sanctions awarded in this case were excessive. MCR
    2.313(A)(5)(a) authorizes sanctions that are limited to the rea-
    sonable expenses incurred in obtaining the order compelling
    discovery, including attorney fees. Remand is required for
    reevaluation of the costs incurred by the plaintiff in obtaining
    its order.

    Affirmed but remanded.

    J.A. MURPHY, J., dissenting in part, stated that, in light of
    the trial court's authority to enter sanctions for the wilful

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 373-395.
See ALR Index under Civil Procedure Rules; Discovery; Pretrial
    Conferences.

disregard of its orders, the amount of sanctions should not be limited as was done by the majority.

PRETRIAL PROCEDURE — DISCOVERY — SANCTIONS — MEDIATION.

Sanctions awarded to a party in conjunction with an order compelling discovery are not nullified by the parties' subsequent acceptance of a mediation evaluation in favor of the party to whom sanctions were awarded (MCR 2.313[A][5][a], 2.403[M][1]).

*Robert E. Taub,* for the plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Stuart H. Teger*), for the defendant.

Before: MARILYN KELLY, P.J., and CAVANAGH and J. A. MURPHY,* JJ.

MARILYN KELLY, P.J. Defendant, ITT Higbie Manufacturing Company, appeals as of right from a court order granting sanctions for failure to provide and permit discovery. We affirm the trial court's decision but remand for recalculation of the amount of sanctions.

The underlying suit was filed against defendant by plaintiff, Merit Manufacturing and Die, Inc., and alleged breach of contract with damages in excess of $10,000.

I

In the course of discovery, plaintiff traveled to Arkansas to depose two of defendant's employees. During one of the depositions, the deponent referred to a phone log. Plaintiff's counsel asked to see the log, but the deponent and defense counsel refused. Later, deponent marked certain entries and photocopied them for plaintiff's counsel.

The following day, pursuant to a motion to

* Circuit judge, sitting on the Court of Appeals by assignment.

compel discovery made nearly two months earlier, the trial court ruled that plaintiff was entitled to review the entire phone log. When the log was produced, inspection revealed that the deponent had not marked all the relevant entries. Plaintiff moved for sanctions pursuant to MCR 2.313(A) or (D) for failure to comply with MRE 612(a). The trial court granted sanctions specifying failure to provide or permit discovery pursuant to MCR 2.313(A)(5)(a). The court ordered defendant to pay $3,453.38, which included attorney's fees, deposition costs, airfare, hotel accommodations and meals. The party who relied on the phone log was not redeposed.

Ultimately, the dispute between the parties was resolved through mediation. They accepted an award of $50,000 in favor of plaintiff. Defendant claimed, as it does on appeal, that plaintiff's acceptance of the award disposed of all of the parties' claims, including the discovery sanctions. The trial court disagreed:

> Nor does the spirit and intent of the discovery provisions of the court rules contemplate disposal by acceptance of mediation of the court's sanctions entered to encourage and guarantee full discovery. If it existed, a contrary intent would have been specifically stated in MCR 2.403(M)(1).

The court ordered defendant to pay the $3,453.38, in addition to the mediation award.

Defendant also argues that, even if this Court agrees with the trial court and upholds the order granting separate sanctions for failure to permit discovery, they were nevertheless excessive; they should have been limited to the reasonable expenses incurred in obtaining the order for discovery.

II

A

Here, we must resolve a possible conflict between two court rules. MCR 2.403(M)(1) provides that a judgment entered pursuant to a mediation evaluation "shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date of judgment." MCR 2.313(A)(5)(a) provides:

> [A] court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct, or both, to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees.

We must also determine if the grant of a mediation award effectively vacates an outstanding court order for sanctions.

In interpreting court rules, we apply the rules of statutory construction. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). A court rule should be construed in accordance with the ordinary and approved usage of the language, in light of the purpose to be accomplished by its operation. *Knoke v Michlin Chemical Corp,* 188 Mich App 456, 459; 470 NW2d 420 (1991).

In *Larson v Auto-Owners Ins Co,*[1] the plaintiff sought a court order to recover sanctions pursuant to MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591 after accepting a mediation award. This Court rejected the plaintiff's claim that MCR 2.403(M)(1) is limited to costs or fees and does not bar an award of sanctions under either statute:

---

[1] *Larson v Auto-Owners Ins Co,* 194 Mich App 329, 333; 486 NW2d 128 (1992).

In accordance with our determination that any entitlement to attorney fees and costs is presumed to have been decided by the mediation panel, we find, as a matter of law that plaintiff was not entitled to request attorney fees or costs under either MCL 500.3148; MSA 24.13148 or MCL 600.2591; MSA 27A.2591 after he accepted the mediation evaluation for his claims against defendant. [*Larson v Auto-Owners Ins Co,* 194 Mich App 329, 333; 486 NW2d 128 (1992).]

The Court also stated:

We believe that MCR 2.403 is intended to settle cases without further litigation, and that purpose would not be served by distinguishing awards of attorney fees from sanctions that include attorney fees. [*Id.,* 333-334.]

B

In contrast to the plaintiff in *Larson* who sought sanctions after accepting the mediation award, plaintiff here sought and obtained a court order imposing discovery sanctions before entering into mediation. We believe that, as a result of the difference in timing, *Larson* does not control the outcome of this case. Court-ordered sanctions related to discovery and awarded before mediation should be considered separate and distinct from the mediation award.

We noted in *Reddam v Consumer Mortgage Corp,* 182 Mich App 754, 757; 452 NW2d 908 (1990),

that mediation rule, MCR 2.403, envisions the submission of an entire civil action to mediation where monetary damages are involved and that the mediators shall evaluate the total valuation of

the case. That is, absent a showing that less than
all issues were submitted to mediation, a media-
tion award covers the entire matter and accep-
tance of that mediation award settles the entire
matter.

Here, the parties mediation summaries submit-
ted the entire civil action to mediation. But nei-
ther party mentioned the discovery sanctions. Nei-
ther party asked the mediator to include or ex-
clude the discovery sanctions. We surmise that the
parties viewed the discovery sanctions as separate
and distinct from the mediation award. Further-
more, we agree with the trial court: the purpose
and intent of sanctions imposed by court order
because of failure to comply with discovery would
be defeated if such preexisting awards were auto-
matically absorbed into mediated awards.

The court rules are silent on the interrelation-
ship between MCR 2.313 and MCR 2.403. MCR
2.313 does not protect sanctions ordered under it
from inclusion in a mediation award. MCR 2.403
does not specifically include discovery sanctions
imposed by court order in the evaluation. We note,
however, that

> Michigan law is strongly committed to open and
> far-reaching discovery, and generally provides for
> discovery of any relevant, nonprivileged matter.
> [*Ostoin v Waterford Twp Police Dep't,* 189 Mich
> App 334, 337; 471 NW2d 666 (1991); citations
> omitted.]

Furthermore, rules governing discovery are to be
liberally construed in order to further the ends of
justice. *Williams v Logan,* 184 Mich App 472, 476;
459 NW2d 62 (1990). The court's decision to grant
sanctions will not be overturned on appeal absent
an abuse of discretion. *Barlow v John Crane-Houd-*

*aille, Inc,* 191 Mich App 244, 251; 477 NW2d 133 (1991). Consequently, we do not believe that a mediator acting pursuant to MCR 2.403 is given authority to vacate a trial court's order of sanctions for failure to permit or provide discovery. This holding is bolstered by the rule that great deference should be granted to the trial court's decision. We conclude that court-ordered sanctions imposed under MCR 2.313 and ordered before the parties entered into a mediation agreement must be given effect separate from a mediation award made under MCR 2.403.

### III

However, the sanctions ordered here were excessive. MCR 2.313(A)(5)(a) states:

> If the motion is granted, the court shall . . . require the party or deponent, whose conduct necessitated the motion or the party or attorney advising such conduct, or both, to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees . . . .

The rule does not provide for reimbursement of costs associated with taking an unsatisfactory deposition or with taking a second deposition, merely the costs of obtaining an order to compel discovery.

We affirm the trial court's decision to consider sanctions imposed for failure to provide and permit discovery as separate and distinct from the mediation award. But we remand for recalculation of the costs associated with obtaining the order.

CAVANAGH, J., concurred.

J. A. MURPHY, J. *(concurring in part and dissent-*

*ing in part).* I concur with the majority with respect to parts I and II and dissent with respect to part III. The trial court has the authority to enter sanctions for the wilful disregard of orders. I would not limit the amount of sanctions as did the majority.