*In re* HAMMOND ESTATE

*In re* HAMMOND LIVING TRUST

Docket Nos. 158154, 158155, 158302, 158303, 158579, 158580. Submitted October 17, 1995, at Lansing. Decided February 2, 1996, at 9:40 A.M.

John N. Kirkendall, the independent personal representative of the estate of Stella J. Hammond, deceased, and the trustee of the Stella J. Hammond Living Trust, commenced independent probate of the estate in the Washtenaw County Probate Court in 1989. In 1991, the estate was closed. Mary Heeter, Edith Shelton, and others, who are some of the beneficiaries of the estate and trust, then petitioned to reopen the estate and remove Kirkendall as fiduciary of the estate and trust. The court, Joseph A. Costello, Jr., J., granted summary disposition for Kirkendall, denied the beneficiaries' motion for additional discovery, and granted Kirkendall's motion for an award of costs and attorney fees, to be paid jointly by the beneficiaries who had sought his removal. The beneficiaries appealed from the orders granting summary disposition, costs, and attorney fees. The appeals were consolidated.

The Court of Appeals *held:*

1. The probate court did not err in dismissing the beneficiaries' claims against Kirkendall and in refusing to reopen the estate.

2. Even if the appointment of Kirkendall as the fiduciary violated MCL 700.582; MSA 27.5582, a violation of the statute does not entitle the appellants to the reopening of the estate and the appointment of a successor administrator in the absence of any evidence of wrongdoing by Kirkendall.

3. The appellants' further claims of improper estate and trust administration are without merit. The probate court properly granted summary disposition for Kirkendall.

---

REFERENCES

Am Jur 2d, Executors and Administrators § 455.
See ALR Index under Executors and Administrators.

4. The probate court did not abuse its discretion in refusing to reopen the estate.

5. The probate court did not abuse its discretion in limiting discovery.

6. The probate court did not err in granting Kirkendall attorney fees for the defense of the attempt to have him removed as fiduciary. The appellants failed to prove that he engaged in any wrongdoing. The award of attorney fees was properly assessed only against the beneficiaries who sought Kirkendall's removal and the reopening of the estate.

Affirmed.

1. DECEDENT'S ESTATES — FIDUCIARIES — PROBATE COURT JUDGES.

A probate court judge may not be appointed as a fiduciary in an estate unless the estate is that of a member of the judge's immediate family; a violation of this statutory mandate does not entitle the beneficiaries of the estate to the reopening of the estate or the appointment of a successor administrator in the absence of any evidence of wrongdoing by the judge-administrator (MCL 700.582; MSA 27.5582).

2. DECEDENT'S ESTATES — TRUSTS — EXECUTORS — PETITIONS FOR REMOVAL — ATTORNEY FEES.

Attorney fees incurred by an executor of an estate to defend against a petition for the executor's removal are chargeable against the estate where no wrongdoing is proved.

*Miller, Canfield, Paddock & Stone* (by *Edmond F. DeVine* and *David A. French*), for John N. Kirkendall.

*Joscelyn & Treat, P.C.* (by *M. Sheila Jeffrey* and *Kent B. Joscelyn*), for Mary Heeter, Edith Shelton, Brian Ellison, and Brett Ellison.

*Willingham & Coté, P.C.* (by *Steven A. Mitchell* and *Jane A. Klepac*), for George W. Kirkendall, Sr., James H. Kirkendall, David Kirkendall, Shirley Kirkendall, and Marion Meigs Adams.

Before: MACKENZIE, P.J., and FITZGERALD and J. P. O'BRIEN,* JJ.

MACKENZIE, P.J. Appellee John N. Kirkendall was the independent personal representative of the estate of Stella J. Hammond, deceased, and the trustee under the Stella J. Hammond Living Trust agreement. Appellants are certain beneficiaries of the Stella J. Hammond estate and trust who unsuccessfully sought the removal of Kirkendall as fiduciary, along with an accounting, a determination of liability, and other relief. Appellants appeal as of right from an order granting summary disposition for Kirkendall pursuant to MCR 2.116(C)(8) and (10). Appellants also appeal an order granting Kirkendall's motion for the taxation of costs and attorney fees. The appeals were consolidated. We affirm.

Kirkendall commenced independent probate of Hammond's estate in February 1989. The estate was closed in 1991. Appellants subsequently filed petitions to reopen the estate and to remove Kirkendall as fiduciary of Hammond's estate and trust. In these petitions, appellants alleged that Kirkendall engaged in a number of improprieties as fiduciary of Hammond's estate and trust. First, they claimed that Kirkendall, who was at all pertinent times a probate court judge, breached his fiduciary duties and violated MCL 700.582; MSA 27.5582, which provides that a probate court judge "shall not be appointed as a fiduciary in an estate except for a member of his or her immediate family." Next, they set forth several specific instances of Kirkendall's allegedly improper discharge of his fiduciary duties, including allegations that he appropriated for his own use unknown

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

personal property bequeathed to Hammond's sister, Mary Heeter; he surreptitiously placed items of value, including personal checks in amounts exceeding $10,000 which were marked "loan" by Hammond, outside Hammond's house for garbage collection; he forgave as gifts certain loans made by Hammond, to the detriment of the estate and without full disclosure to the beneficiaries; he failed to account for the proceeds of the sale of certain stock during the last year of Hammond's life; he fraudulently induced appellants to approve his request for a $50,000 fiduciary fee; and he improperly requested that estate beneficiaries release him from liability "as a condition precedent to the distribution of the assets of the trust."

Kirkendall filed motions for summary disposition pursuant to MCR 2.116(C)(8) and (10). In conjunction with the latter motions, he filed his affidavit averring that Hammond was his first cousin once removed, but that she treated him as a nephew and he treated her as a member of his immediate family. Further, he averred that a representative of the State Bar Ethics Committee had assured him that he could act as Hammond's personal representative. Kirkendall also filed motions for protective orders. These alleged that "[t]he 115 all-inclusive requests for documents served by the combined petitioners are unwarranted by any cause of action, oppressive and untimely subsequent to the completion of independent probate in this matter."

In support of their position, appellants filed the affidavit of Mary Heeter averring that she was closer to Hammond than Kirkendall had been and that Hammond would not have considered him a member of her immediate family. Later, a second affidavit of Mary Heeter was filed. The allegations of that affidavit were essentially that Kirkendall

had disposed of certain trust documents in bags and placed them on the curb outside Hammond's house and that a loan to James Kirkendall had been treated by appellee as a gift.

The probate court partially granted Kirkendall's motion for a protective order in ruling that appellants would be allowed discovery related only to the check to James Kirkendall that appellee had treated as a gift rather than a loan, and to attorney fees charged to the estate; the court denied appellants' motion to reopen the estate. With respect to Kirkendall's alleged violation of MCL 700.582; MSA 27.5582, the court noted that appellants had failed to object to Kirkendall's appointment as independent personal representative when the estate was open, and that a violation of the statute, without more, was not a ground to reopen the estate.

Appellants filed a motion for additional discovery, accompanied by another affidavit of Mary Heeter. This affidavit alleged that Hammond's sale of certain stock was ill-advised; that Hammond's companion, Dorothy Simonds, converted some of Hammond's money for her own use; and, again, that Hammond's financial records and family mementos had been discarded. Appellants also supplied an attorney's affidavit opining that attorney fees charged against the estate were excessive.

At an August 19, 1992 hearing, the court denied appellants' motion for additional discovery. At the same hearing, the court found that the attorney fees charged to the estate were reasonable and that appellants' discovery had not revealed any specific defect rendering the fees excessive. Further, the court ruled that appellants had failed to present sufficient evidence of impropriety by Kirkendall to warrant reopening the estate or his removal as fiduciary. Consequently, the court

granted summary disposition for Kirkendall. Rehearing was denied.

On September 4, 1992, Kirkendall filed a motion for attorney fees incurred in the defense of appellants' litigation to have him removed as independent personal representative and trustee. A response to the motion was filed by Marian B. Jones, a Hammond estate and trust beneficiary who did not take part in the claims against Kirkendall. In this response, Jones alleged that appellants did not represent all interested parties in the matter and stated that "it seems clearly unjust and inequitable that those beneficiaries that chose not to be embroiled in this controversy should now have their share of the trust surcharged for the payment of attorney fees." Following an evidentiary hearing at which Kirkendall's counsel testified concerning his services, the probate court awarded $148,758.78 in attorney fees to Kirkendall, to be paid jointly by appellants, "or the fees and costs shall be surcharged against any personal distributive share from the trust."

On appeal, appellants claim in four related issues that the probate court erred in dismissing their claims against Kirkendall and in refusing to reopen the Hammond estate. We disagree.

Appellants' primary allegation of wrongdoing involves Kirkendall's violation of MCL 700.582; MSA 27.5582, which provides that a judge "shall not be appointed as a fiduciary in an estate except for a member of his or her immediate family." The statute does not define "immediate family." Even assuming that Kirkendall was not a member of Hammond's immediate family, however, appellants have failed to establish that the violation entitles them to relief. Appellants assume, with no support, that a violation of the statute entitles them to the reopening of the estate and the ap-

pointment of a successor administrator. We are satisfied that the Legislature did not contemplate such relief in the absence of any evidence of wrongdoing by the judge/administrator.

Appellants' further claims of improper estate and trust administration are without merit. Basically, appellants argue that Kirkendall breached his fiduciary duty by incurring unanticipated expenses in the administration of the estate and failing to provide an unspecified type of "preview" of the estate's final accounting. Again, however, appellants have failed to provide this Court with any support for their position that this conduct was improper.

Similarly, appellants urge this Court to find a breach of fiduciary duty because Kirkendall placed certain checks in the trash. Once more, however, appellants have provided this Court with no reason to find that an administrator may not throw away a decedent's trash, that an administrator breaches duties by accidentally placing canceled checks in the trash, that Kirkendall deliberately disposed of the checks in question, or that he was not at liberty to deliberately dispose of the canceled checks. Furthermore, this Court has been offered no evidence contrary to Kirkendall's determination, as personal representative, that the loans represented by these checks were later forgiven and therefore were not assets of the estate. Appellants have demonstrated neither wrongdoing nor any harm that has come to them as a result of the claimed wrongdoing.

Another claim unsupported by evidence of harm to appellants is their allegation that Kirkendall sought releases of liability as a condition precedent to distribution of assets to the trust beneficiaries. Appellants allege neither that Kirkendall failed to make proper distributions of the assets nor that

any agreement with him impaired their ability to sue him. Because Kirkendall has not raised any release from liability as a defense in these cases, no prejudice resulting from the release forms can be shown.

With regard to the issue raised by appellants regarding Hammond's sale of certain stock during her lifetime, the appellants' petitions state only that Kirkendall had a duty to determine whether impropriety occurred. No allegations of impropriety have actually been made. In summary, a review of the record makes it apparent that appellants presented to the probate court mere conclusions, unsupported by evidence of wrongdoing or breach of fiduciary duty by Kirkendall. The court did not err in finding that Kirkendall was entitled to summary disposition.

Appellants also contend that the probate court should have reopened the Hammond estate. However, because the evidence indicates that Kirkendall fully administered the Hammond estate and appellants have failed to demonstrate the existence of any after-discovered assets, the court did not abuse its discretion in refusing to reopen the estate. See MCL 700.593(2); MSA 27.5593(2).

Appellants next challenge the probate court's decision to deny their requests for further discovery. While Michigan is strongly committed to open and far-reaching discovery, *Merit Mfg & Die, Inc v ITT Higbie Mfg Co,* 204 Mich App 16, 21; 514 NW2d 192 (1994), a trial court must also protect the interests of the party opposing discovery so as not to subject that party to excessive, abusive, or irrelevant discovery requests. *Hartmann v Shearson Lehman Hutton, Inc,* 194 Mich App 25, 29; 486 NW2d 53 (1992). Here, the probate court found that the discovery requested by appellants had taken on the appearance of a "fishing expedition"

and should be denied. Appellants have demonstrated no error in the probate court's conclusion that the discovery requested by them—including "[a]ll matters related to checks drawn on Stella Hammond's accounts prior to her death"—would be excessive or abusive. The court did not abuse its discretion in limiting discovery.

Finally, appellants argue that the probate court erred in granting Kirkendall attorney fees for the defense of appellants' attempt to have him removed as fiduciary. Again, we disagree. Attorney fees incurred by an executor to defend against a petition for his removal are properly chargeable against the estate where no wrongdoing is proved. *In re Humphrey Estate,* 141 Mich App 412, 440-441; 367 NW2d 873 (1985); *In re Gerber Trust,* 117 Mich App 1, 15-17; 323 NW2d 567 (1982). See also MCL 700.334(v); MSA 27.5334(v). Here, unlike *In re Davis's Estate,* 312 Mich 258; 20 NW2d 181 (1945), and *In re Valentino Estate,* 128 Mich App 87; 339 NW2d 698 (1983), appellants failed to prove any wrongdoing on the part of the fiduciary. Under *Humphrey, supra,* therefore, an award of attorney fees was appropriate. Also appropriate was the trial court's decision to assess attorney fees against the petitioning beneficiaries rather than the entire trust. As noted by the probate court, appellants placed Kirkendall in a posture of defending against virtually everything that had transpired in the independent probate proceeding; the result was that appellants' "litigious exercise was akin to reprobating an independent probate matter as a supervised estate proceeding." Appellants "raised virtually every conceivable issue and argument with great fervor," opposed the wording of every order following a given hearing, and refused to follow "even the simplest direction" for conducting discovery. Under these circumstances,

it would be grossly unjust and inequitable to assess a portion of the attorney fees against those beneficiaries who declined to participate in appellants' efforts to "reprobate" Hammond's estate. *Cleveland v Second Nat'l Bank & Trust Co,* 149 F2d 466 (CA 6, 1945); *Brisacher v Tracy-Collins Trust Co,* 277 F2d 519 (CA 10, 1960).

Affirmed.