SHEFFER v NORTH AMERICAN INSURANCE COMPANY

Docket No. 201682. Submitted January 8, 1998, at Lansing. Decided February 6, 1998, at 9:15 A.M.

Ronald E. and Sherry M. Sheffer brought a civil action for damages in the Grand Traverse Circuit Court against North American Insurance Company. The plaintiffs rejected the defendant's offer of judgment. Mediation resulted in an evaluation that the parties accepted and that was less than the offer of judgment. The court, Thomas G. , Power, J., denied the defendant's motion for sanctions under the offer of judgment court rule, MCR 2.405, and the signature on pleadings court rule, MCR 2.114. The defendant appealed.

The Court of Appeals held:

1. Sanctions under MCR 2.405 are authorized where a "verdict," defined as a jury verdict, a judgment by the court after a nonjury trial, or a judgment entered as a result of a ruling on a motion after rejection of the offer of judgment, is less favorable to the offeree than the offer of judgment. Because a mediation evaluation is not a verdict as defined by MCR 2.405, sanctions are not authorized where, as here, a mediation evaluation is less favorable to the offeree than the offer of judgment.

2. Sanctions under MCR 2.114 are not available to the defendant inasmuch as the acceptance of a mediation evaluation is, under MCR 2.403(M)(1), deemed to dispose of all claims by the parties, including postjudgment motions for fees and costs.

3. The defendant's appeal, although without merit, is not vexatious and does not entitle the plaintiffs to sanctions against the defendant for a vexatious appeal.

Affirmed.

1. JUDGMENTS — OFFERS OF JUDGMENT — MEDIATION — SANCTIONS.

A mediation evaluation is not a "verdict" for purposes of the court rule regarding offers to stipulate the entry of a judgment; sanctions are not authorized by the court rule against an offeree where a , mediation evaluation is less favorable to the offeree than the offer of judgment (MCR 2.405).

2. PRETRIAL PROCEDURE — MEDIATION — POSTJUDGMENT MOTIONS FOR FEES AND COSTS.

The parties' acceptance of a mediation evaluation is deemed to dispose of all claims by the parties, including sanctions under the court rule regarding the effect of signatures on pleadings (MCR 2.114, 2.403[M][1]).

*Read & Sharp* (by *Michael J. Swogger*), for the plaintiffs.

*Rosenbaum, Bloom, Meyerson, Galinsky, Weiner & Cirino, P.C.* (by *Nicholas A. Cirino*), for the defendant.

Before: FITZGERALD, P.J., and O'CONNELL and WHITBECK, JJ.

PER CURIAM. Defendant North American Insurance Company appeals as of right an order denying its motion for sanctions under MCR 2.405 and MCR 2.114. North American moved for these sanctions following entry of judgment upon the acceptance of a mediation award by both parties. The trial court denied the motion. We affirm.

I

North American first argues that the trial court abused its discretion by denying its motion for offer of judgment sanctions under MCR 2.405. North American maintains that because plaintiffs Ronald E. Sheffer and Sherry M. Sheffer rejected an offer of judgment that was considerably higher than the mediation award both parties accepted, they were entitled to sanctions. We disagree and see little merit to North American's argument. In essence, North American asks this Court to find that an acceptance of a mediation award by both parties was a "verdict" for purposes of MCR 2.405. While we employ the ordinary rules of statutory construction when interpreting the

Michigan Court Rules, *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989), we also construe those court rules in light of the purpose to be accomplished by their operation. *Knoke v Michlin Chemical Corp,* 188 Mich App 456, 459; 470 NW2d 420 (1991).

Here, MCR 2.405 plainly states that a "verdict" is (1) "a jury verdict," (2) a "judgment by the court after a nonjury trial," or (3) "a judgment entered as a result of a ruling on a motion after rejection of the offer of judgment." MCR 2.405(A)(4)(a), (b), and (c). There is nothing whatsoever in this rule that even implies that a mediation award is a "verdict" for purposes of offer of judgment sanctions. Further, the court rule governing mediation states that "the judgment or dismissal [following an acceptance of a mediation award] is deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered." MCR 2.403(M)(1). Allowing a party to seek offer of judgment sanctions following an acceptance of mediation would gravely undermine the operation of MCR 2.403. The trial court's denial of North American's motion under MCR 2.405 was not erroneous.

II

North American argues that the trial court committed clear legal error when it failed to find that the Sheffers' claims were frivolous under MCR 2.114. Again we disagree and see little merit to North American's argument. We note that an acceptance of a mediation award is deemed to dispose of all claims by the parties. MCR 2.403(M)(1). In *Larson v Auto-Owners Ins Co,* 194 Mich App 329, 333; 486 NW2d 128 (1992), this Court held that a party was not entitled

to sanctions for raising a frivolous defense following an acceptance of mediation by both parties. This Court made it clear that the acceptance of mediation ended the matter and precluded postjudgment motions for fees and costs. *Id.* Were this Court to find that the trial court should have granted North American's motion, we would be countermanding the court rule itself. The rule disposes of not only all claims but all issues regarding "costs and fees" upon acceptance of mediation. Accordingly, the trial court did not err in denying North American's motion.

### III

Lastly, the Sheffers invite us to award sanctions for what they deem North American's vexatious appeal. We decline the invitation. Although we disagree with North American's positions, we are not convinced that they are taken in bad faith.

Affirmed. The Sheffers, being the prevailing parties, may tax costs pursuant to MCR 7.219.