# STATE OF MICHIGAN

# COURT OF APPEALS

CHERRY M. BROWN,

Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Third-Party Plaintiff-
Appellant,

v

HARVEY BALDWIN,

Third-Party Defendant.

UNPUBLISHED
March 28, 2017

No. 331893
Van Buren Circuit Court
LC No. 14-640796-NF

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

This case requires us to determine whether a discovery sanction awarded prior to case evaluation remains enforceable after both parties have accepted a case evaluation award. We hold that it does and that a previously awarded discovery sanction is enforceable as separate and distinct from a mutually accepted case evaluation award.

Plaintiff sued defendant for no-fault benefits. During the litigation, a discovery dispute arose, and the trial court entered an order compelling defendant to respond to certain discovery requests. Defendant failed to comply with that order, and the trial court ordered defendant to pay sanctions in the form of costs and attorney fees to plaintiff's counsel. Later, the case proceeded to case evaluation, and both parties accepted the evaluation after which defendant refused to pay the discovery sanction on the grounds that mutual acceptance of the case evaluation award

-1-

extinguished its duty to pay the sanction.[1]  The trial court disagreed and ordered defendant to pay the sanction.

Whether a discovery sanction is eliminated when both parties accept a case evaluation award is a question of law that turns on the interpretation of the applicable court rules, which we review de novo.  *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2000).[2]

Plaintiff relies on our decision in *Merit Mfg & Die v ITT Higbie Mfg Co*, 204 Mich App 16, 20, 22; 514 NW2d 192 (1994), where we held that "[c]ourt-ordered sanctions related to discovery and awarded before mediation should be considered separate and distinct from the mediation award."

Defendant argues that *Merit* is no longer controlling in light of the Supreme Court's decision in *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 555; 640 NW2d 256 (2000).  *CAM* held that mutual acceptance of a case evaluation award disposes of "*all claims* in the *action*" and it defined a "claim" as "facts giving rise to a right asserted in a judicial proceeding."  *Id.* at 555.  The sanctions in this case, however, were not imposed because defendant violated its contract or unreasonably denied the claim, or because of any other fact giving rise to the action or defense.[3]  They were imposed by the court in order to punish defendant for its non-compliance with a court order and the rules of discovery.  MCR 2.313(B)(2).  Because the sanctions were not based upon "facts giving rise to a right asserted in a judicial proceeding," they were not a "claim" within the action, and so were not disposed of by the parties' mutual acceptance of the case evaluation award.[4]

---

[1] At the time the trial court ordered defendant to pay the sanctions, it did not award a specific amount but instead told plaintiff's counsel to submit a bill of particulars.  Plaintiff's counsel submitted the bill after case evaluation but before both parties had accepted.

[2] Plaintiff argues that the applicable standard of review is for an abuse of discretion.  While we review "the trial court's decision to impose sanctions for an abuse of discretion," *Richardson v Ryder Truck Rental*, 213 Mich App 447, 450; 540 NW2d 696 (1995), the issue presented in this appeal is not whether the trial court abused its discretionary authority to sanction defendant for its violation of the discovery order, but whether that sanction is enforceable despite mutual acceptance of case evaluation. *Merit Mfg & Die v ITT Higbie Mfg Co*, 204 Mich App 16, 20, 22; 514 NW2d 192 (1994).

[3] *CAM* stated that "[t]he entry of a judgment pursuant to the acceptance of a mediation evaluation is, in essence, a consent judgment."  465 Mich at 556.  We have previously held that the entry of a consent judgment does not eliminate certain types of sanctions.  *Smith v Elenges*, 156 Mich App 260; 401 NW2d 342 (1986).

[4] We also note that *CAM* did not expressly overturn or even mention *Merit*, despite the fact that it did particularly mention several other decisions from this Court that it stated were inconsistent with its holding and were, therefore, overturned.  *CAM*, 465 Mich at 555-556.

For this reason, defendant's reliance on *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 333; 486 NW2d 128 (1992) is unavailing. In *Larson*, we held that mutual acceptance of case evaluation bars a separate sanction award under MCL 500.3148 or MCL 600.2591, which respectively provide for sanctions if the no-fault insurer's denial was unreasonable, or where a claim or defense was frivolous. Such sanctions are based on the facts and merits of the claim or defense. In contrast, the sanctions in this case were imposed to vindicate the authority of the court and to assure open discovery.[5] The sanctions are not related to the facts and merits of the claim. While the term "sanction" is common to several statutes and court rules, defendant is mistaken in suggesting that all sanctions, whatever their nature, must be treated identically. And whether a particular sanction survives a mutual case evaluation acceptance turns on its purpose and genesis.

Lastly, defendant also argues that *Merit* is distinguishable because, unlike this case, neither party referenced the discovery sanctions in their case evaluation summary. 204 Mich App at 21. Defendant argues that by referencing the sanctions in her case evaluation summary, plaintiff affirmatively asked the panel to include the amount of the sanctions in its evaluation. We disagree. The only reference to the sanctions in plaintiff's summary was in the section titled "Defenses," where she noted that defendant's refusal to obey the court's discovery order demonstrated that defendant did not have a viable defense. And notably, in the summary's recitation of monetary claims, no amount was included for the sanctions.

The trial court did not err in determining that the sanction was enforceable as separate and distinct from the case evaluation award.

Affirmed. As prevailing party, appellee may tax costs.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[5] The sanctions in *Merit* also had the purpose of supporting the requirement of " 'open and far-reaching discovery' " and for a liberal construction of the discovery rules. 204 Mich App at 21 quoting *Ostoin v Waterford Twp Police Dep't*, 189 Mich App 334, 337; 371 NW2d 666 (1991). We concluded that "the purpose and intent of sanctions imposed by court order because of failure to comply with discovery would be defeated if such preexisting awards were automatically absorbed into mediation awards." *Id.* at 21.